UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCHAN SINGH,<br>Plaintiff,<br>-against-<br>RICHARD A. BROWN; JUDGE FLAG; AGENT RICHARD J. LAURIA; AGENT FRANK PAUL; OFFICER JEAN DOE,<br>Defendants. | 25-CV-9483 (LLS)<br>ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

Plaintiff Lochan Singh, who provides a residential address for himself in Brooklyn and is proceeding *pro se*, brings this action under the court's federal question jurisdiction. He alleges that both federal and local governmental officials violated his rights in the course of his 1992 arrest in Bronx County and subsequent 1994 conviction in Supreme Court of the State of New York, Queens County. Plaintiff sues: (1) Richard A. Brown, who was then the District Attorney for Queens County; (2) Judge Flag, of Queens County Supreme Court, who presided over Plaintiff's prosecution; (3) Agent Richard J. Lauria, a federal immigration official who arrested Plaintiff in 1992 and allegedly initiated his prosecution; (4) Agent Frank Paul, another federal immigration official who participated in Plaintiff's arrest; and (5) Jean Doe, an unidentified officer of the New York City Police Department ("NYPD") who also participated in Plaintiff's arrest. He seeks both monetary relief and an order vacating his state-court conviction so that it cannot be used against him in his pending immigration proceedings.

The Court liberally construes the complaint as asserting: (1) claims for monetary relief against Brown, Flag, and Doe, under 42 U.S.C. § 1983; (2) claims for monetary relief against

Lauria and Paul, under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); and (3) claims seeking vacatur of his 1994 state-court conviction.

By order dated July 8, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following facts are drawn from the complaint.[1] In the early morning hours of August 21, 1992, Agents Lauria and Paul, assisted by several unidentified NYPD officers, entered an apartment building located at 1137 Ward Avenue in Bronx County, without a warrant or consent from any occupant. The law enforcement officers then entered Plaintiff's apartment on the second floor, again without a warrant or consent. They placed Plaintiff under arrest for allegedly

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

committing a kidnapping or engaging in a conspiracy to commit kidnapping. The law enforcement officials also interrogated him. (ECF No. 1, at 5-7.)

The officers then transported Plaintiff to New York State Supreme Court, Queens County, to be arraigned. While in the courthouse holding cell, law enforcement officials continued their interrogation, during which time Plaintiff both invoked his right to silence and peppered the officers with questions about the evidence against him. At his arraignment, Plaintiff was charged with either kidnapping or conspiracy to commit kidnapping, and Judge Flag set bail in the amount of $250,000. Plaintiff was thereafter remanded to the custody of the New York City Department of Correction pending trial. (*Id.* at 6, 8-9.)

Both at his arraignment and during subsequent proceedings, Judge Flag denied Plaintiff's requests that the prosecution immediately disclose all evidence against him. Although Plaintiff's allegations are not entirely clear, he appears to suggest that at a court appearance on November 16, 1993, a plea of guilty to conspiracy was entered over his objection. On January 5, 1994, Plaintiff filed a motion to withdraw his plea, which Judge Flag denied. Instead, on March 4, 1994, Judge Flag sentenced Plaintiff to a three-to-five year term of incarceration. Two months later, Plaintiff filed a motion in state court to vacate his conviction under New York Criminal Procedure Law § 440.10, which the state court denied.[2] Plaintiff later experienced dangerous conditions of confined while in state prison, and upon release from prison, he experienced housing instability and difficulties finding employment in light of his conviction. (*Id*. at 8-11, 20-21.)

[2] Plaintiff does not allege that he ever sought federal *habeas corpus* relief under 28 U.S.C. § 2254, and the Court is unable to find any public record that he did.

Plaintiff asserts that he is currently in asylum proceedings at 26 Federal Plaza in Manhattan and that federal immigration officials are attempting to either deny his asylum application or remove him from this country on the basis of the conviction described in the complaint. He seeks an order deeming his conviction unlawful and preventing federal immigration officials from using this conviction as a basis for denying his asylum application. (ECF No. 1-1, at 1-2.) He also seeks $50 million in compensatory and punitive damages. (*Id*. at 8.)

## DISCUSSION

### A. Claims for monetary relief

#### 1. Prosecutorial immunity

Plaintiff seeks monetary relief from District Attorney Brown related to his conduct during Plaintiff's prosecution.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where criminal defendant would be arraigned was in preparation for

a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity (citations omitted)).

Here, Plaintiff's claims against District Attorney Brown are based on actions within the scope of Brown's official duties and associated with the conduct of pretrial proceedings and trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**2. Judicial immunity**

Plaintiff also seeks monetary relief from Judge Flag related to her conduct during his prosecution.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Flag acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because

Plaintiff sues Judge Flag for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims for monetary relief against Judge Flag because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**3. The *Heck* bar**

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government—namely, Agents Lauria and Paul—and seeks monetary relief from them, the Court liberally construes Plaintiff's complaint against them as asserting claims under *Bivens*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*). The Court liberally construes the allegations against NYPD Officer Doe as asserting a claim for monetary relief under Section 1983.

In light of Plaintiff's conviction, however, all of his claims for monetary damages—all of which would, if successful, imply the invalidity of his conviction—are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover monetary damages for:

> [an] allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (cleaned up); *see Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (affirming dismissal under *Heck* of Section 1983 claims alleging that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify [plaintiff]" because "these allegations, if proven, would have rendered [plaintiff's] conviction invalid").

Here, Plaintiff asserts that Defendants violated his Fourth Amendment rights by falsely arresting him and his Sixth Amendment rights by denying him a speedy trial and the effective assistance of counsel. If Plaintiff were successful on any of these claims, such success would imply the invalidity of his conviction. *Heck* therefore bars Plaintiff's claims for monetary damages asserted in this action. Before seeking monetary relief for claims that are necessarily inconsistent with his conviction, Plaintiff must show "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated, *see Heck*, 512 U.S. at 487, for instance, through an appropriate, successful application in state court, *see e.g.*, N.Y. Crim. Proc. L. § 440.10(1). Because Plaintiff does not allege that any court or executive branch entity vacated his conviction, the Court dismisses his claims for monetary damages, without prejudice, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**4. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the

discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**B. Claims seeking vacatur of the 1994 state-court conviction**

Plaintiff also seeks an order deeming his 1994 Queens County conviction unlawful and prohibiting federal immigration officials from using the conviction as a basis to deny his pending asylum application.

In essence, Plaintiff seeks an order vacating his 1994 state-court conviction, and in federal court, that relief is generally only available through a *habeas corpus* petition under 28 U.S.C. § 2254. The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief, under Section 2254, only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, to bring a Section 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

In the complaint, Plaintiff provides no allegations suggesting that he is currently "in custody" pursuant to the 1994 state-court conviction, as he provides a residential address for himself in Brooklyn that is not a state correctional facility. He also provides no facts suggesting that he is currently serving a term of parole, post-release supervision, or other restriction of his liberty pursuant to the 1994 state-court judgment. Moreover, even if Plaintiff were in federal immigration custody, that alone would be insufficient to conclude that he is "in custody" under the 1994 state-court judgment. *See Ogunwomoju v. United States*, 512 F.3d 69, 74-75 (2d Cir.

2008) (immigration custody not "custody" for Section 2254 challenge to fully served state conviction).

Because Plaintiff provides no facts suggesting that he is currently "in custody" for purposes of Section 2254, the Court declines to characterize the complaint as seeking *habeas corpus* relief under that statute. The Court therefore must dismiss Plaintiff's claims in which he seeks vacatur of his 1994 state-court conviction. As the Court previously stated, although the relief that Plaintiff seeks is not available in federal district court, it may be available through an appropriate, successful application in state court, *see e.g.*, N.Y. Crim. Proc. L. § 440.10(1).

**C. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Plaintiff nevertheless may be able to allege additional facts to state valid damages claims against Lauria, Paul, and Doe, but only if his conviction has been vacated or reversed. The Court therefore grants Plaintiff 30 days' leave to amend his complaint to detail the claims specified in this order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses, on immunity grounds and as frivolous, Plaintiff's claims for monetary damages against Defendants Brown and Flag. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court dismisses, without prejudice under the *Heck* doctrine, Plaintiff's claims for monetary relief against Defendants Lauria, Paul, and Doe. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate these defendants. The Court denies supplemental jurisdiction of any state-law claims for damages that Plaintiff may be asserting in this action.

The Court dismisses Plaintiff's claims for which he sought vacatur of his 1994 state-court conviction, on the grounds that he is not "in custody" pursuant to that state-court conviction. The Court therefore declines to recharacterize the complaint as seeking relief under 28 U.S.C. § 2254. Because the Plaintiff at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for the reasons set forth above, with 30 days' leave to replead, as specified in this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 17, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________________

_______________________________________________
Write the full name of each plaintiff.

_____CV_______________
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ____________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________
First Name Middle Initial Last Name

______________________________
Street Address

______________________________
County, City State Zip Code

______________________________ ______________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ________________________________________

First Name Last Name

________________________________________

Current Job Title (or other identifying information)

________________________________________

Current Work Address (or other address where defendant may be served)

________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ________________________________________

Date(s) of occurrence: ________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.