UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCHAN SINGH,

Plaintiff,

-against-

RICHARD A. BROWN; JUDGE FLAG; AGENT RICHARD J. LAURIA; AGENT FRANK PAUL; OFFICER JEAN DOE,

Defendants.

25-CV-9483 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Lochan Singh, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed his complaint alleging that Defendants violated his constitutional rights. By order dated September 17, 2026, the Court dismissed the complaint but granted Plaintiff 30 days' leave to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 14, 2026 (ECF No. 6), and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The Court begins by summarizing the original complaint in this action. On August 21, 1992, federal agents Lauria and Paul, assisted by several unidentified officers of the New York City Police Department ("NYPD"), entered an apartment building in Bronx County, without a warrant or consent from any occupant. The law enforcement officers then entered Plaintiff's apartment on the second floor, again without a warrant or consent. They placed Plaintiff under arrest for allegedly committing a kidnapping or engaging in a conspiracy to commit kidnapping. The law enforcement officials also interrogated him. (ECF No. 1, at 5-7.)

The officers then transported Plaintiff to New York State Supreme Court, Queens County, to be arraigned. While in the courthouse holding cell, law enforcement officials

continued their interrogation, during which time Plaintiff both invoked his right to silence and asked the officers questions about the evidence against him. At his arraignment, Plaintiff was charged with either kidnapping or conspiracy to commit kidnapping, and Judge Flag set bail in the amount of $250,000. Plaintiff was thereafter remanded to the custody of the New York City Department of Correction pending trial. (*Id.* at 6, 8-9.)

Both at his arraignment and during subsequent proceedings, Judge Flag denied Plaintiff's requests that the prosecution immediately disclose all evidence against him. Although Plaintiff's allegations are not entirely clear, he appears to suggest that at a court appearance on November 16, 1993, a plea of guilty to conspiracy was entered over his objection. On January 5, 1994, Plaintiff filed a motion to withdraw his plea, which Judge Flag denied. Instead, on March 4, 1994, Judge Flag sentenced Plaintiff to a three-to-five year term of incarceration. Two months later, Plaintiff filed a motion in state court to vacate his conviction under New York Criminal Procedure Law § 440.10, which the state court denied.[1] Plaintiff later experienced dangerous conditions of confinement while in state prison, and upon release from prison, he experienced housing instability and difficulties securing employment. (*Id.* at 8-11, 20-21.)

Plaintiff is currently in asylum proceedings at 26 Federal Plaza in Manhattan, and federal immigration officials are attempting to either deny his asylum application or remove him from this country based on the conviction described in the complaint. The complaint appeared to seek an order deeming his conviction unlawful and preventing federal immigration officials from using this conviction as a basis for denying his asylum application. (ECF No. 1-1, at 1-2.) He also sought $50 million in compensatory and punitive damages. (*Id.* at 8.)

[1] Plaintiff does not allege that he ever sought federal *habeas corpus* relief under 28 U.S.C. § 2254, and the Court is unable to find any public record that he did.

By order dated September 17, 2026, the Court dismissed the complaint with 30 days' leave to replead. As to Plaintiff's claims for monetary relief related to his allegedly unlawful arrest, prosecution, and conviction, the Court: (1) dismissed the claims against District Attorney Brown under the doctrine of prosecutorial immunity; (2) dismissed the claims against Judge Flag under the doctrine of judicial immunity; and (3) dismissed the rest of Plaintiff's claims for monetary relief, under *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims would undermine the validity of his conviction, which had not been reversed, vacated, or otherwise called into question. (ECF No. 5, at 4-7.) To the extent that Plaintiff sought an order vacating his conviction, the Court noted that the relief that he sought sounded in *habeas corpus*, *see* 28 U.S.C. § 2254, but the Court declined to characterize the complaint as seeking Section 2254 relief because Plaintiff alleged no facts suggesting that he was, at the time he filed this action, "in custody" under his 1994 state-court judgment of conviction. (ECF No. 5, at 8-9.) The Court nevertheless granted Plaintiff limited leave to amend the complaint to assert "damages claims against Lauria, Paul, and Doe, but only if his conviction has been vacated or reversed." (*Id*. at 9.) It denied leave to amend for any other purpose.

On October 14, 2026, Plaintiff timely filed an amended complaint. (ECF No. 6.) The amended pleading, however, does not address whether his conviction has been vacated and reversed; the facts alleged in the pleading suggest that the conviction has not been disturbed. Instead of alleging facts showing that his conviction has been reversed or vacated—which would be required in order for Plaintiff to seek damages related to his allegedly unlawful arrest, prosecution, and conviction—Plaintiff's amended complaint primarily contains legal arguments about why the Court's order dated September 17, 2026 was allegedly incorrect. For instance, he repeatedly argues that the Court's order was premised on the doctrine of qualified immunity and

that an award of qualified immunity to Defendants was unwarranted. He also alleges that Defendants committed federal crimes against him. Finally, after making his legal arguments, he inserts a verbatim copy of the original complaint. (ECF No. 6, at 17-38.)

## DISCUSSION

### A. Claims for monetary relief

As summarized above, the Court previously dismissed Plaintiff's claims for monetary relief because they were barred by the doctrine of prosecutorial immunity, insofar as the claims were asserted against District Attorney Brown; barred by the doctrine of judicial immunity, insofar as the claims were asserted against Judge Flag; and barred against all Defendants under the doctrine set forth in *Heck*. The Court nevertheless granted Plaintiff limited leave to amend the complaint to assert "damages claims against Lauria, Paul, and Doe, but only if his conviction has been vacated or reversed." (ECF No. 5, at 9.) In the amended complaint, however, Plaintiff reasserts his damages claims but does not set forth facts indicating that his conviction has been reversed or vacated. Instead, he argues that the Court erroneously granted qualified immunity to Defendants.

As an initial matter, the Court granted Plaintiff limited leave to amend the complaint "only if his conviction has been vacated or reversed." (*Id.*) The amended complaint makes clear that Plaintiff's conviction remains in force; therefore, Plaintiff's filing of the amended complaint exceeded the limited leave to amend granted in the Court's order dated September 17, 2026. On this basis alone, dismissal of the amended complaint is warranted.

Moreover, as to the arguments contained in Plaintiff's amended complaint, the Court notes that it did not grant qualified immunity to any Defendant in this action. It granted absolute prosecutorial immunity to District Attorney Brown, granted absolute judicial immunity to Judge

Flag, and dismissed claims for monetary relief against the remaining Defendants under *Heck*. Plaintiff provides no argument why any of those findings were erroneous.

Finally, as thoroughly explained in the Court's prior order, Plaintiff's claims for monetary relief remain barred by *Heck* because his conviction has not been vacated, and because success on his claims related to his allegedly unlawful arrest, prosecution, and conviction would imply the invalidity of his conviction. The Court therefore dismisses the amended complaint, without prejudice, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Private prosecution**

In the amended complaint, Plaintiff appears to seek the criminal prosecution of Defendants. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses the claims for lack of standing, and therefore, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**C. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court dismisses Plaintiff's claims for monetary relief for failure to state a claim Plaintiff's claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and dismisses his claims under federal criminal statutes for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court declines supplemental jurisdiction of any state-law claims that Plaintiff may be asserting in this action. *See* 28 U.S.C. § 1367(c)(3). The amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for the reasons set forth above.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: October 25, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.